UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
PAULETTE CAMERON,                                           :
                                                            :
                        Plaintiff,                          :
                                                            :    13 Civ. 1493 (PAC)
        -against-                                           :
                                                            :
LR CREDIT 22, LLC, MEL S. HARRIS AND                        :    **OPINION & ORDER**
ASSOCIATES, LLC, MEL S. HARRIS,                             :
RACHEL HISLER, and JOHN DOES # 1–10,                        :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-14

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Paulette Cameron claims that Defendants violated her rights under the Fair Debt Collection Practices Act ("FDCPA") and related state laws by filing a time-barred lawsuit to collect a debt from her. Defendants contend that the New York City Civil Court has already resolved this matter pursuant to a stipulated settlement agreement. Defendants move (1) to dismiss the complaint for lack of subject matter jurisdiction and (2) for judgment on the pleadings. *See* Fed. R. Civ P. 12(b)(1), 12(c). For the reasons below, the motions are DENIED.

## BACKGROUND

Defendants are debt collectors who sought to recover a debt that Cameron allegedly owed to non-party Chase Bank USA, NA ("Chase").[1] The gravamen of Cameron's Complaint is that Defendants deceived her into making payments on the debt by filing a time-barred complaint in New York City Civil Court, Bronx County. (*See* Compl. ¶¶ 21, 33–34.) Cameron makes her

---

[1] Cameron does not dispute that she incurred the debt, but, as discussed below, asserts that Defendants' state-court claim to recover the debt was time-barred.

1

claims under the FDCPA, 15 U.S.C. § 1692d–f; New York General Business Law § 349; and New York Judiciary Law § 487.[2]

Defendants filed their debt collection action against Cameron in Civil Court on April 4, 2012 for a cause of action that allegedly arose on December 17, 2008. (*See* Compl. ¶¶ 16, 24.) Cameron alleges that Chase "resides" in Delaware, which subjects the debt to Delaware's three-year statute of limitations pursuant to New York's borrowing statute. (Compl. ¶¶ 27–31 (citing N.Y. C.P.L.R. § 202; Del. Code Ann. tit. 10, § 8106).) Cameron does not seek to recover the funds she was induced to pay, but rather seeks damages for her pain and suffering, lost time, and costs that she allegedly incurred from the lawsuit against her, in addition to applicable statutory damages.

Defendants respond that the Complaint omits an important and judicially noticeable fact: the parties agreed to a Stipulation of Settlement in the Civil Court that resolved this dispute. The Settlement provided that Cameron would pay $550 in monthly installments of $25 (substantially less than the amount claimed, $1,302), but that in the event of Cameron's default, the Civil Court would enter judgment for the full amount claimed. The Settlement further provided that:

> Any counterclaim set forth by or for [Cameron] is discontinued with prejudice. Further, any and all potential defenses [Cameron] may have regarding this matter and any other claims [Cameron] may have to date against [LR Credit 22, LLC] or its counsel related to this matter are hereby waived.

(Wortman Decl. Ex. D.) Judge Elizabeth Taylor of the Civil Court "so ordered" this Stipulation of Settlement on June 18, 2012. After Cameron defaulted on making payments, the Civil Court entered judgment on the full amount claimed (adjusted for payments, costs, and interest).

---

[2] The claims under New York Judiciary law are made only against Mel S. Harris and Associates, LLC, Mel S. Harris, and Rachel Hisler, on the grounds that they are attorneys who engaged in "deceit or collusion." (Compl. ¶¶ 60–62 (citing N.Y. Judiciary Law § 487).)

## DISCUSSION

### I. Legal Standard

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). That is, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Upon a motion to dismiss, "[c]ourts may also properly consider 'matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011).[3] "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions." *Schenk v. Citibank*, No. 10-CV-5056, 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010).

### II. Threshold Questions: *Rooker–Feldman* and *Res Judicata*

Defendants contend that there are two distinct, but related, threshold grounds for dismissal: (1) under the *Rooker–Feldman* doctrine, the Court lacks subject matter jurisdiction over the action because it invites review of a state court judgment; and (2) Cameron's claims are barred by the doctrine of *res judicata* because they are inconsistent with the state-court judgment. Neither argument is persuasive.

#### A. *Rooker–Feldman*

The *Rooker–Feldman* doctrine is inapplicable to this case. "[F]ederal plaintiffs are not

---

[3] A court may also consider evidence outside the complaint to determine whether it has subject matter jurisdiction. *See Korea Exp. USA, Inc. v. K.K.D. Imports, Inc.*, 103 F. Supp. 2d 682, 686 (S.D.N.Y. 2000).

3

subject to the *Rooker–Feldman* bar unless they *complain of an injury* caused by a state judgment." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005). Here, Cameron complains about the allegedly deceptive means that Defendants used to induce her to agree to the Settlement, not about the Settlement itself or the judgment enforcing it. Therefore, Defendants' "argument fails, as plaintiff[] assert[s] claims independent of the state-court judgment[] and do[es] not seek to overturn [it]." *Sykes v. Mel Harris & Associates, LLC*, 757 F. Supp. 2d 413, 429 (S.D.N.Y. 2010) (Chin, J.).

### B. *Res Judicata*

Nor does *res judicata* bar Cameron's claims. Under New York law,[4] "the doctrine of *res judicata* gives 'binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein.'" *Watts v. Swiss Bank Corp.*, 265 N.E.2d 739, 743 (N.Y. 1970); *accord Gramatan Home Investors Corp. v. Lopez*, 386 N.E.2d 1328, 1331 (N.Y. 1979). "New York, unlike the federal system, does not have a compulsory counterclaim rule, and, therefore, res judicata does not bar claims that could have been raised by the defendant as counterclaims in a previous action but were not actually raised." *Associated Fin. Corp. v. Kleckner*, No. 09-CV-3895, 2010 WL 3024746, at *3 (S.D.N.Y. Aug. 3, 2010) (citing *Pace v. Perk,* 440 N.Y.S.2d 710, 719–20 (App. Div. 2d Dep't 1981)), *aff'd*, 480 F. App'x 89 (2d Cir. 2012). In other words, a plaintiff is not "barred from asserting his claims simply because he could have, had he so chosen, asserted them by way of defense or counterclaim in the action

---

[4] "Under the full faith and credit statute, federal courts afford state court judgments the same preclusive effect as would other courts in that state. Therefore, New York law governs this Court's res judicata analysis." *Associated Fin. Corp. v. Kleckner*, No. 09-CV-3895, 2010 WL 3024746, at *3 (S.D.N.Y. Aug. 3, 2010) (citations omitted), *aff'd,* 480 F. App'x 89 (2d Cir. 2012).

already concluded." *Abdella v. Ne Jame*, 501 N.Y.S.2d 528, 529 (App. Div. 3d Dep't 1986); *cf. Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 165 N.E. 456, 457 (N.Y. 1929) (Cardozo, J.) ("[The former judgment] is not conclusive, however, to the same extent when the two causes of action are different, not in form only, but in the rights and interests affected.") (citations omitted).

Here, the Civil Court's judgment determined Cameron's liability pursuant to the Settlement, which she does not challenge in this action. Again, Cameron's claims relate to Defendants' alleged misconduct that *preceded* the Settlement and subsequent judgment. Although she might have raised these allegations as defenses or counterclaims, New York law did not require her to do so. Thus, her claims in this action were not "necessarily decided" in the prior action, nor are they inconsistent with the Civil Court's judgment. Furthermore, since the judgment was entered pursuant to the Settlement, it required no determination of the timeliness of the underlying complaint. *See Restatement (Second) of Contracts* § 82(1) (1981) (a promise to pay a time-barred debt is enforceable). Accordingly, as a matter of *res judicata*, the Civil Court's judgment does not preclude the claims Cameron asserts here.

### III. Release

Cameron did not unambiguously release her present claims in the Stipulation of Settlement, in what was arguably a time-barred action. Defendants contend that Cameron's "waive[r]" of "any other claims [she] may have" released them from her present claims for deceptive debt-collection techniques. Given that she did not know of her claims or the alleged deception when she signed the waiver, Defendants' argument does not withstand scrutiny.

Under New York law, "[a] release will not be given effect unless it contains an 'explicit, unequivocal statement of a present promise to release [a party] from liability." *Golden Pac.*

5

*Bancorp v. F.D.I.C.*, 273 F.3d 509, 515 (2d Cir. 2001). Thus, "a release may not be read to cover matters which the parties did not desire or intend to dispose of." *Cahill v. Regan*, 157 N.E.2d 505, 510 (N.Y. 1959); *see Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, 354 F. Supp. 2d 293, 299 (S.D.N.Y. 2004) ("A release that employs general terms will not bar claims outside the parties' contemplation at the time the release was executed."). "Moreover, because the 'law looks with disfavor upon agreements intended to absolve [a party] from the consequences of his [wrongdoing],' a release which purports to excuse a party from responsibility for misconduct is subject to the 'closest of judicial scrutiny.'" *Golden Pac. Bancorp*, 273 F.3d at 515. *Cf. Restatement (Second) of Contracts* § 153 (1981) (a party's unilateral material mistake renders a contract voidable if that party did not assume the risk of mistake and "the other party had reason to know of the mistake or his fault caused the mistake").

Given the allegations of Defendants' misconduct in inducing Cameron to agree to the Settlement that Defendants drafted, it is appropriate to subject the Settlement's terms to the "closest of judicial scrutiny." Such scrutiny is particularly important where, as here, a settlement purports to waive the very statutory remedies intended to protect unsophisticated, unrepresented, individual creditors like Cameron. *See generally* 15 U.S.C. § 1692 (FDCPA intended to prevent "abusive, deceptive, and unfair debt collection practices"). Here, the Settlement contains no "explicit, unequivocal" statement that Cameron intended to waive claims for deceptive debt collection practices. Thus, it would be error for the Court to construe the Settlement's general waiver of "any other claims" to include claims that were unknown to Cameron and about which Defendants had deceived her. *See Nikkel v. Wakefield & Assocs.*, No. 10-CV-02411, 2011 WL 4479109, at *4 (D. Colo. Sept. 26, 2011) (denying motion to dismiss FDCPA claims even though settlement purported to waive them, where plaintiff alleged that "the Settlement Agreement itself

6

was obtained in a manner that violated the FDCPA").[5] Since the Settlement does not clearly evince Cameron's intention to release unknown FDCPA claims, the Court will not so construe it on a motion to dismiss. *See Golden Pac. Bancorp*, 273 F.3d at 515 ("Where contract language is ambiguous, the differing interpretations of the contract present a triable issue of fact."); *see also Jacobson v. Sassower*, 489 N.E.2d 1283, 1284 (N.Y. 1985) ("In cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it, and favorably to a party who had no voice in the selection of its language").

### IV. Adequacy of FDPCA Claims

Defendants argue that an additional, independent, basis for dismissal is that the Complaint fails to adequately allege a claim under the FDCPA. That statute prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. For example, a debt collector may not make a "false representation of . . . the character, amount, or legal status of any debt . . . . [or] threat[en] to take any action that cannot legally be taken . . . ." *Id.* § 1692e(2), (5).

Cameron alleges Defendants violated the FDCPA by filing a time-barred lawsuit against her in Civil Court, which misrepresented the legal status of the debt. Under New York's six-year statute of limitations for contract disputes, N.Y. C.P.L.R. § 213(2), the lawsuit would have been timely. Cameron contends, however, that Delaware's three-year statute, Del. Code Ann. tit. 10 § 8106, barred Defendants' lawsuit in the Civil Court. As explained below, that depends on

---

[5] As Cameron observes, the Settlement's use of the word "waived" rather than "released" further supports a determination that it is ambiguous with respect to unknown claims. *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 510 (2d Cir. 2002) ("Federal common law and New York common law both define waiver as an intentional relinquishment and abandonment of a known right or privilege."); *Restatement* § 84 cmt. b (waiver ineffective absent "reason to know the essential facts"). The allegedly unknown fact underlying the claims here was that Cameron's creditor had its principal place of business in Delaware, which, if true, would render the collection complaint time-barred.

whether her original creditor, Chase, "resided" in Delaware when its cause of action arose.

Under New York's "borrowing statute," N.Y. C.P.L.R. § 202, a nonresident who asserts a "cause of action accruing without the state" must do so within the "limitation periods of both New York and the jurisdiction where the cause of action accrued." *Portfolio Recovery Associates, LLC v. King*, 927 N.E.2d 1059, 1061 (N.Y. 2010). "If the claimed injury is an economic one, the cause of action typically accrues 'where the plaintiff resides and sustains the economic impact of the loss.'" *Id.* For a business organization, "one looks to its State of incorporation or its principal place of business." *Global Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 485 (N.Y. 1999). Where a plaintiff sues to collect a debt assigned to it from a bank, the debt collector "is not entitled to stand in a better position" than the bank. *Portfolio*, 927 N.E.2d at 1060–61 (applying Delaware's three-year statute of limitations to debt collector where assignor bank was "incorporated in Delaware and [was] not a New York resident").

The Complaint plausibly alleges that Chase resides in Delaware, on the grounds that its articles of association state that its "main office" is there. (Compl. ¶ 29.) Chase has filed numerous public documents stating that its "main office," "headquarters," "residence," and "principal place of business" are in Delaware. (Pl.'s Br. 7–10 (citing Keshavarz Decl. Exs. 1–7).) If that is true,[6] Defendants' lawsuit in Civil Court would be time-barred because it was not brought until after the expiration of Delaware's three-year limitations period.

Therefore, the only remaining question is whether the filing of such a time-barred

---

[6] At this stage, the Court draws no factual conclusions about Chase's residence. For purposes of this motion to dismiss, it is sufficient that the Complaint's allegation about Chase's residence is "plausible on its face." *Iqbal*, 556 at 678.

complaint is a violation of the FDCPA.[7] This Court joins others in concluding that it is. *See, e.g., Diaz v. Portfolio Recovery Associates, LLC*, No. 10-CV-3920, 2012 WL 1882976, at *4 (E.D.N.Y. May 24, 2012); *Baptist v. Global Holding & Inv. Co., L.L.C.*, No. 04-CV-2365, 2007 WL 1989450, at *5 (E.D.N.Y. July 9, 2007); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991). Indeed, "the threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate." *Beattie*, 754 F. Supp. at 393.[8]

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss.

Dated: New York, New York
February 24, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

---

[7] Since the FDCPA is "a strict liability statute," there is no need for a complaint to plead "intentional conduct on the part of the debt collector." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A debt collector may, however, plead "bona fide error" as an affirmative defense. 15 U.S.C. § 1692k(c); *Lee v. Kucker & Bruh, LLP*, 12-CV-4662, 2013 WL 3982427, at *5 (S.D.N.Y. Aug. 2, 2013). Defendants have not pleaded this affirmative defense, though they plead 18 others. (*See* Answer ¶¶ 67–84.)

[8] The Court has considered and rejected Defendants' other purported bases for dismissal. For instance, the *Noerr–Pennington* doctrine does not apply here. *See Sykes*, 757 F. Supp. 2d at 429 (rejecting defendants' argument that, under the *Noerr–Pennington* doctrine, they had a First Amendment right to file time-barred lawsuits to collect debts); *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 176 (E.D.N.Y. 2013) (Block, J.) (same; explaining that the FDCPA's "bona fide error" defense "respects whatever constitutional protections unintentional misrepresentations enjoy"). Nor does any abstention doctrine apply. *See Fritz*, 955 F. Supp. 2d at 176 (*Colorado River* abstention inapplicable where federal and state actions address different questions and thus are not "parallel").